USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVRIHOLDER PRODUCTS, LLC,

                       Plaintiff,

          v.

SIMPLY LBS LTD COMPANY,

                       Defendant.

No. 17-CV-4329 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Evriholder Products, LLC, brought this action for patent infringement on June 8, 2017 against Defendants Simply LBS Ltd Company ("Simply LBS"), Impulseev Ltd., Huanyu HK, Ltd., and John Does 1-10. Dkt. 1. Simply LBS failed to answer or otherwise respond to the complaint and the Court granted Plaintiff's request for default judgment on April 24, 2019. Dkt. 43. Plaintiff filed notices of voluntary dismissal as to the remaining defendants. Dkt. 33, 38. By separate order, the Court referred the case to Magistrate Judge Moses for an inquest as to damages. Dkt. 44. Now before the Court is Judge Moses's Report and Recommendation (the "Report"), dated April 21, 2020, to which no objections were made.

      Having reviewed the thorough and well-reasoned Report for clear error, *see Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 310 (S.D.N.Y. 2014) ("When the parties make no objections to the Report, the Court may adopt the Report if there is no clear error on the face of the record." (internal quotation marks omitted)), the Court hereby adopts it in its entirety. Accordingly, Plaintiff is awarded (1) compensatory damages in the amount of $325,153.76, (2) prejudgment interest on that sum at the rate of 3.75% from March 15, 2017 to the date on which judgment is entered, and (3) $202.87 in costs. The Court also enters a permanent injunction

prohibiting Simply LBS, its officers, directors, managing members, and others acting in concert with them, from infringing or inducing the infringement of U.S. Design Patent No. D524,612 until the expiration of that patent. The parties' failure to file written objections, after Judge Moses expressly warned that such failure would result in a waiver of objections for the purposes of appeal, precludes appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 602-03 (2d Cir. 2008).

The Clerk of Court is respectfully directed to close the case.

Dated:   December 8, 2020
         New York, New York

                                            _____
                                            Ronnie Abrams
                                            United States District Judge